IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL W. HALIBURTON, II,                          CV. 04-6062-KI

             Plaintiff,                                ORDER
        v.

CITY OF ALBANY POLICE
DEPARTMENT, et al.,

             Defendants.

KING, Judge

     Plaintiff, an inmate at the Santiam Correctional Institution,

brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that between October, 1999, and April, 2004, he

was subjected to harassment and retaliation by the defendant police

officers.  Currently before the court are plaintiff's motion to

compel (#58), and motion for extension of time and appointment of

counsel (#60).

**DISCUSSION**

**I.   Motion to Compel**.

     Plaintiff moves the court to compel defendants to fully

respond to his requests for interrogatories and production of

1 -- ORDER

documents.   The motion itself does not include a copy of the
pertinent discovery requests or defendants' response thereto.
However, on April 26, 2005, defendants filed with the court their
*supplemental* responses to plaintiff's discovery requests which
appear to set forth the pertinent requests and responses thereto.

Defendants move to deny the motion to compel on the basis that
it was filed four days after the close of discovery.   Because
plaintiff is a prisoner proceeding *pro se*, the motion was signed by
plaintiff on the discovery deadline, the certificate of mailing
indicates that the motion was placed in the mail on the discovery
deadline, and defendants have offered no contrary evidence as to
the date of mailing, I conclude that the motion is timely under the
prisoner mailbox rule.   See Caldwell v. Amend, 30 F.3d 1199, 1201-
03 (9th Cir. 1994).

Based upon my review of the parties' pleadings, plaintiff's
motion to compel is denied as to his request for interrogatories as
follows:  requests one, four, and six are denied on the basis that
any information, in addition to that provided by defendants, should
have been sought through a request for production; request two is
denied as overbroad; and requests three and five are too indefinite
to compel a response and the information should have been sought
through a request for production of the specific written policies
and procedures.

Plaintiff's motion to compel the production of documents is granted in part and denied in part as follows: requests two, five, and eight are denied as overbroad; request four[1] is denied as overbroad and redundant of requests three and seven; request three is granted, request six is granted as to non-privileged reports generated between 1999 and 2004. Defendants shall produce the documents responsive to requests three and six, as outlined above, within 15 days of the date of this order.[2]

## II. Motion for Extension of Time, Transfer, and Appointment of Counsel.

Plaintiff moves for the appointment of counsel and, in the alternative to be transferred to the Oregon State Prison Minimum Security Facility. Plaintiff's request for counsel has been denied on four previous occasions. The renewed motion for counsel is denied for the reasons previously stated by the court. Plaintiff's motion to be transferred is construed as a motion for a mandatory injunction and is denied.

Plaintiff's alternative motion for extension of time is granted to the extent that plaintiff shall file a response to

---

[1] Plaintiff's request for a copy of a complaint sent to the FBI (contained in request number four) is denied based upon defendants' representation that it does not exist. If the complaint does exist, and is authored by one of the named defendants between the years 1999 and 2004, it shall be produced.

[2] It appears from the defendants' supplemental response that all non-privileged documents responsive to requests for production one, seven, and nine have been produced.

defendants' motion for summary judgment on or before August 31, 2005.

## CONCLUSION

Based on the foregoing, plaintiff's motion to compel (#58) is GRANTED IN PART AND DENIED IN PART, plaintiff's motion for the appointment of counsel and to be transferred (#60-1) is DENIED, and plaintiff's motion for extension of time (#60-2) is GRANTED to the extent that plaintiff shall file his opposition to defendants' motion for summary judgment on or before August 31, 2005. Defendants may file a reply within 11 days thereafter. Defendants' motion for summary judgment (#50) shall be taken UNDER ADVISEMENT on September 19, 2005.

IT IS SO ORDERED.

DATED this ___20th___ day of June, 2005.


                          ___/s/ Garr M. King_____
                          Garr M. King
                          United States District Judge